UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA RAQUEL SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 9109 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED AIR LINES, INC. dba UNITED CONTINENTAL HOLDINGS, and ASSOCIATION OF FLIGHT ATTENDANTS–CWA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Wanda Santiago, a retired flight attendant, brought this lawsuit under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, against United Air Lines, Inc., her former employer, and the Association of Flight Attendants–CWA ("AFA"), the union that represents United flight attendants. Santiago alleges that United violated the RLA by failing to submit to arbitration her grievance regarding recent changes to United's employee travel policy, and further alleges that the AFA violated the RLA by failing to assist her with the grievance. Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 28, 42. Santiago has moved for an injunction against United's implementation of the changes to its travel policy and for an order compelling arbitration. Docs. 4, 5. The motions are denied.

**Background**

The complaint's well-pleaded facts, though not its legal conclusions, are assumed true on Rule 12(b)(1) and Rule 12(b)(6) motions. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010); *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010); *Patel v. City*

*of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). In evaluating a motion to dismiss, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The court also must consider additional facts included in the plaintiff's opposition brief, so long as those facts "are consistent with the pleadings." *Geinosky*, 675 F.3d at 745 n.1; *see also Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012) (per curiam); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). The following sets forth the facts as favorably to Santiago as permitted by the complaint and other materials that may be considered on a Rule 12(b) motion.

United is a commercial airline. AFA is the union that represents United flight attendants in matters related to the AFA's collective bargaining agreement ("CBA") with United. Santiago was a United flight attendant for thirty-three years until she retired in December 2009. As a retiree, Santiago is eligible for United's travel pass program, which permits current and former United employees to fly for little or no cost. In March 2011, United announced changes to the program that favor current employees over retirees with respect to boarding priority. Believing that those changes altered the terms of the 2005-2010 United-AFA CBA, Santiago asked United's legal department how the changes had come about and who represented retired United flight attendants. United attorney John Nelson told Santiago that nobody represented the retired flight attendants. Santiago asked Nelson what she should do, and he told her to raise her concerns with United CEO Jeff Smisek. On June 1, 2011, during a question and answer session, Santiago asked Smisek who represented United retirees. Smisek told Santiago that "no one" did and that she could "sue United if she did not like the answer."

On August 27, 2011, Santiago sent certified letters to Nelson and Smisek asking that her grievance regarding the change to the boarding priority policy be submitted to the United-AFA System Board of Adjustment, the arbitral body that handles disputes arising under the United-AFA CBA. Santiago also sent a certified letter to the AFA asking for assistance in pursuing her grievance. After failing to receive a response, Santiago filed this suit alleging that United violated its duty under the RLA to submit her grievance to arbitration before the System Board and that the AFA violated its duty under the RLA to fairly represent her in the grievance process. As relief, Santiago seeks an order compelling arbitration before the System Board, an order prohibiting United from implementing the new boarding priority policy, damages, and attorney fees.

## Discussion

### I. Defendants' Motions to Dismiss

"The RLA was enacted to encourage collective bargaining by … parties in order to prevent, if possible, wasteful strikes and interruptions of commerce." *Air Line Pilots Ass'n, Int'l v. United Air Lines, Inc.*, 802 F.2d 886, 895 (7th Cir. 1986) (quoting *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 148 (1969)) (internal quotation marks omitted). Congress amended the RLA in 1936 to cover the airline industry. *See id*. at 894 n.5; 45 U.S.C. § 181. The RLA provides that "[e]mployees … have the right to organize and bargain collectively through representatives of their own choosing." 45 U.S.C. § 152, Fourth. The RLA requires unions that bargain collectively to fairly represent union members. *See Steele v. Louiseville Nashville R.R.*, 323 U.S. 192, 202-03 (1944) (the RLA "impose[s] on the bargaining representative of a craft or class of employees the duty to exercise fairly the power conferred upon it in behalf of all those for whom it acts"). The RLA thus "affords an employee an implied

right of action against his union for breach of the duty of fair representation." *Steffens v. Bhd. of Ry., Airline & Steamship Clerks*, 797 F.2d 442, 445 (7th Cir. 1986).

"The RLA provides for mandatory arbitration over labor disputes arising out of the interpretation of collective bargaining agreements in the railway and airline industries." *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 524 (7th Cir. 2008); *see also Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) ("only the arbitral boards convened under the aegis of the Railway Labor Act have the authority to determine the rights conferred by a collective bargaining agreement in the airline industry"). The RLA sets forth the following procedures for the handling of such disputes:

> The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions … shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes.
>
> It shall be the duty of every carrier and of its employees, acting through their representatives … to establish a board of adjustment of jurisdiction not exceeding the jurisdiction which may be lawfully exercised by system, group, or regional boards of adjustment, under the authority of section 153 of this title.

45 U.S.C. § 184. The United-AFA CBA established the United-AFA System Board of Adjustment to handle grievances arising under the CBA. Doc. 44-8 at 3.

In the airline industry, the RLA's "duties, requirements, penalties, benefits, and privileges" apply only to "carriers by air and their employees." 45 U.S.C. § 182. The RLA defines "employee" as "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work

defined as that of an employee or subordinate official in the orders of the Surface Transportation Board." 45 U.S.C. § 151, Fifth. United and the AFA seek dismissal on the sole ground that Santiago, a retiree, is not an "employee" within the meaning of the RLA. Docs. 28, 42.

Defendants are wrong to frame this argument in jurisdictional terms under Rule 12(b)(1). As the Seventh Circuit has repeatedly explained, an argument that a plaintiff cannot bring suit under a particular statute—either because the statute confers no right to sue at all, or because the plaintiff is not among those permitted to sue under the statute—implicates the suit's merits, not the district court's jurisdiction to hear the suit. *See NewPage Wis. Sys., Inc. v. United Paper, Steel & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union*, 651 F.3d 775, 777 (7th Cir. 2011); *Kohen v. Pac. Mgmt. Inv. Co., LLC*, 571 F.3d 672, 677 (7th Cir. 2009); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007); *Ameritech Benefit Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 819 (7th Cir. 2000); *Fry v. UAL Corp.*, 84 F.3d 936, 939 (7th Cir. 1996). If Santiago's suit is to be dismissed because she is not an "employee" entitled to invoke the RLA, the decision will be a ruling on the merits under Rule 12(b)(6), not a jurisdictional ruling under Rule 12(b)(1).

Retirees generally are not "employees" under the RLA. *See In re UAL Corp.*, 468 F.3d 456, 459 (7th Cir. 2006) ("A union's duty to bargain collectively on behalf of the members of the bargaining unit that the union represents does not extend to retired workers, because they are not members of the unit."). The Supreme Court in *Pennsylvania Railroad Co. v. Day*, 360 U.S. 548 (1959), recognized an exception to the general rule, holding that the RLA covered a dispute involving an employee who retired after initiating a claim for unpaid compensation. *Id*. at 551-52. According to the Seventh Circuit, the *Day* exception applies to "claims regarding … benefits that accrued while [the employee] had been employed and subject to the protections of the

RLA." *Air Line Pilots Ass'n, Int'l*, 802 F.2d at 912; *see also Air Line Pilots Ass'n v. Alaska Airlines, Inc.*, 735 F.2d 328 (9th Cir. 1984) (holding that the RLA governed a retired pilot's grievance regarding calculation of his retirement benefits).

Defendants argue that Santiago cannot benefit from this exception because the complaint does not allege that her boarding priority benefits accrued while she was employed by United. In opposing dismissal, however, Santiago submits a declaration that characterizes her "retiree boarding rights" as rights "which as an employee, I earned through years of service." Doc. 50 at ¶ 2. Santiago's declaration can and must be considered on a Rule 12(b)(6) motion. *See Geinosky*, 675 F.3d at 745 n.1 (a plaintiff "opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove" and to "elaborate on [the complaint's] factual allegations"). Santiago's averment that her retiree boarding rights accrued during her employment allows her, at least for pleading purposes, to invoke the *Day* exception and thus to seek redress under the RLA.

United responds to Santiago's declaration by arguing that she "does not allege that her pass travel benefits were vested, nor could she." Doc. 58 at 4 n.3. To support its submission that "pass travel is a privilege and not a right of employment," *ibid*., United cites a declaration by Assistant Manager Erika Hunter, which avers that "United explicitly reserves the right to eliminate or modify the pass travel policy at any time." Doc. 44-1 at ¶¶ 2, 5. Although the court on a Rule 12(b)(6) motion must consider material outside the pleadings if submitted by the non-movant, it may not consider such material if submitted by the movant. *See Geinosky*, 675 F.3d at 745 n.1 ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."). The court therefore cannot consider

Hunter's declaration at this juncture. The court likewise cannot consider another document submitted by United, a 2008 Letter of Agreement between United and AFA, because it is not attached to or referenced by the complaint and is not otherwise relied upon by Santiago.

Defendants' contention that Santiago is not an "employee" under the RLA may or may not carry the day on a summary judgment record or at trial. The only appropriate ruling at present, however, is that Defendants' contention cannot ground dismissal of Santiago's suit under Rule 12(b)(1) or Rule 12(b)(6).

## II. Santiago's Motions

Santiago has filed two motions. The first is for an injunction restraining United from changing its boarding priority policy until Defendants have complied with the RLA. It is unclear whether Santiago is seeking a preliminary or permanent injunction. A plaintiff seeking a permanent injunction must show

> (1) success, as opposed to a likelihood of success, on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and, (4) that the public interest will not be harmed by the relief requested.

*ADT Security Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012). "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)) (internal quotation marks omitted); *see also Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) ("when the plaintiff is seeking a permanent injunction, the first of the four traditional factors is slightly modified, for the issue is not whether the plaintiff has demonstrated

a reasonable *likelihood* of success on the merits, but whether he has *in fact* succeeded on the merits"). A plaintiff seeking an injunction, whether preliminary or permanent, "has the burden of persuasion." *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992).

In opposing Santiago's motion, United argues that she cannot succeed on the merits because, even assuming she is an "employee" covered by the RLA, her grievance regarding the boarding priority policy falls within the System Board's exclusive jurisdiction. *See* 45 U.S.C. § 184; *Ryan v. Union Pac. R.R.*, 286 F.3d 456, 460 (7th Cir. 2002) ("The federal courts have jurisdiction to interpret the Railway Labor Act; they lack jurisdiction only to interpret collective bargaining agreements made under the authority of the Act.") (citations omitted) (collecting cases); *Tice*, 288 F.3d at 318. United further argues that it has the right to act unilaterally on its interpretation of the United-AFA CBA pending the System Board's decision on any grievance. *See Consol. Rail Corp. v. Ry. Labor Executives Ass'n*, 491 U.S. 299, 310 (1989); *Chi. & N.W. Transp. Co. v. Ry. Labor Executives Ass'n*, 855 F.2d 1277, 1287 (7th Cir. 1988). Santiago does not even address, let alone rebut, these arguments, which forfeits the point. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"); *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 843 (N.D. Ill. 2011) (the movant's "conclusory arguments and failure to address the potentially dispositive argument raised by [the non-movant] lead this Court to conclude that it has not established likelihood of success on the merits for purposes of this motion"). In fact, Santiago does not address *any* of the factors necessary for the entry of either a preliminary or permanent injunction. Her motion for injunctive relief accordingly is denied. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) ("If

the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction."); *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 730 (7th Cir.1998) ("a district court may decline to address the remaining elements of a preliminary injunction if a plaintiff fails to demonstrate a reasonable likelihood of prevailing on the merits of the underlying claim").

Santiago's second motion is for an order compelling arbitration of her grievance before the System Board. The motion is denied without prejudice to renewal later in the case. Although Defendants have failed to establish on the Rule 12(b) record that Santiago is *not* an "employee" under the RLA, Santiago has not yet established that she *is* an "employee" under the RLA. Nor has Santiago established that her boarding priority privileges were benefits that accrued while she was a United employee. Moreover, the parties' briefs offer little guidance as to whether arbitration should be compelled if, as Santiago believes, her boarding priority rights in fact accrued while she was a United employee. And, finally, the parties have not adequately explored the extent (if any) to which the court may consult or interpret the CBA in resolving any of these issues. *See Ryan*, 286 F.3d at 460 ("The federal courts … lack jurisdiction … to interpret collective bargaining agreements made under the authority of the Act."). If Santiago renews her motion to compel arbitration, she must address these matters.

## Conclusion

For the foregoing reasons, Defendants' motions to dismiss, Santiago's motion for injunctive relief, and Santiago's motion compel arbitration are denied.

June 6, 2012

_____
United States District Judge